UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

JAVON BOYD,

                Petitioner,

    v.                                         9:21-CV-0174
                                                    (DNH/ML)
EARL BELL, Superintendent of Clinton Correctional
Facility,

                Respondent.
───────────────────────────────────────────

APPEARANCES:                                       OF COUNSEL:

JAVON BOYD
13-B-1963
Petitioner, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

MIROSLAV LOVRIC
United States Magistrate Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner Javon Boyd seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Petitioner also applied to proceed with this action in forma pauperis ("IFP"). Dkt. No. 2.

On February 17, 2021, this action was administratively closed due to petitioner's failure to properly commence the case by either paying the statutory filing fee or filing a properly certified IFP application. Dkt. No. 3, Order. On March 17, 2021, the Court received a check for $5.99, which was greater than the statutory filing fee. Dkt. Entry for 03/17/21. The check was returned to the facility. *Id.* Petitioner was given another extension to properly

commence his action.  Dkt. No. 4, Text Order.

On April 5, 2021, petitioner remitted the statutory filing fee and the action was reopened.  Dkt. Entry dated 04/05/21 (indicating receipt information for the filing fee transaction); Dkt. No. 5, Text Order (reopening case).

For the reasons which follow, petitioner shall have thirty (30) days to either (1) file proof of commencement of his collateral state court motion or (2) voluntarily withdraw his plainly unexhausted claim.

## II.    THE PETITION

Petitioner challenges a 2013 conviction from Oneida County, pursuant to a jury verdict, to three counts of criminal sexual act in the first degree, first degree rape, second degree strangulation, two counts of criminal obstruction of breathing, and third degree assault.  Pet. at 1-2; *see also People v. Boyd*, 175 A.D.3d 1030, 1031 (4th Dep't 2019).[1]  The New York State Supreme Court, Appellate Division, Fourth Department, modified petitioner's judgment in the interest of justice by (1) reducing the sentences imposed for the three counts of criminal sexual acts to a determinate period of incarceration of six years and period of post release supervision of twenty years, (2) reducing the sentence imposed for first degree rape to a determinate period of incarceration of seven years and period of post release supervision of twenty years, and (3) directing that the aforementioned sentences run consecutively to each other but concurrently with the sentences imposed on the remaining counts.  *Boyd*, 175 A.D.3d at 1030.  The Fourth Department affirmed the conviction, as modified, and, on November 13, 2019, the New York Court of Appeals denied petitioner's

---

[1] Citations to the petition and exhibits refer to the pagination generated by CM/ECF, the Court's electronic filing system.

application for leave to appeal. *Boyd,* 175 A.D.3d at 1030, *lv. denied*, 34 N.Y.3d 1015 (2019); *accord* Pet. at 2. It does not appear that petitioner sought certiorari in the United States Supreme Court or filed any other collateral challenges to his conviction. Pet. at 2, 6.

Petitioner contends that he is entitled to habeas relief because (1) his conviction is supported by legally insufficient evidence as the testimonial evidence was inconsistent with the physical evidence, Pet. at 4-5, and (2) his counsel was constitutionally ineffective, *id.* at 5-6. For a more complete statement of petitioner's claims, reference is made to the petition.

**III.   DISCUSSION**

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

3

Here, petitioner plainly states that his second claim has not been exhausted. Pet. at 5-6. Specifically petitioner explains that "Ground 2 is based on evidence outside of the record, and presented a mixed claim at the state appellate level[.]" *Id.* at 6. Petitioner represents that "the motion to present these findings is currently being presented in the state court." *Id.* While the Court assumes this means that petitioner has initiated a collateral attack in state court, he has failed to indicate that there are any presently pending. *O'Sullivan*, 526 U.S. at 845.

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him and there is no reason to presume he does not know how to pursue them. Therefore, it is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

Accordingly, if petitioner wishes to move forward with all of the claims presently included in his petition, he may not do so until he has properly exhausted them. 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii); *O'Sullivan*, 526 U.S. at 845. When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust her claims first in state court"

and (2) that her unexhausted claims are not "plainly meritless." *Id.* at 277. While there is no exact definition of what constitutes good cause,

> [d]istrict courts in this Circuit have primarily followed two different approaches . . . Some courts find "that a petitioner's showing of 'reasonable confusion' constitute[s] good cause for failure to exhaust [her] claims before filing in federal court." . . . Other courts require a more demanding showing – that some external factor give rise to the petitioner's failure to exhaust the claims.

*Knight v. Colvin*, No. 1:17-CV-2278, 2019 WL 569032, at *4 (E.D.N.Y. Feb. 11, 2019) (internal citations omitted).

Petitioner has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition. Petitioner does not appear to have any difficulty navigating through the state court for a direct appeal. Further, petitioner has not demonstrated any difficulties pursuing the present habeas petition in this Court. Where petitioner had deficiencies in his past filings, he has complied with the Court's direction and effectively corrected them to allow his case to progress. Thus, it cannot be said that petitioner is expressing confusion about the state court appellate process or the trajectory of a habeas petition in federal court. *Cf Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether her claims were properly exhausted in state court) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)).

Accordingly, at this time, a stay is not indicated. If petitioner wishes to continue with both claims in his petition, he must file a 440 motion to exhaust his state court remedies. Upon the commencement of a parallel state court proceeding, the Court would then reevaluate the need for a stay mainly because, as the Supreme Court has stated, in dicta, "a

5

stay will be preferable . . . and . . . will be the only appropriate course in cases . . . where an outright dismissal could jeopardize the timeliness of a collateral attack."  *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (citing *Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., with whom Souter, J. joins, concurring in part in the judgment)).

Petitioner could also choose to move forward with his petition by voluntarily withdrawing his second – admittedly unexhausted – claim.  *Zarvela*, 254 F.3d at 382. However, because petitioner seeks relief pursuant to section 2254, any potential claims are subject to the "gate keeping" provisions of section 2244, including the restrictions upon the filing of "second or successive" section 2254 habeas petitions under subsection (b). Petitioners are generally permitted to only file one section 2254 petition challenging a particular state court judgment.  Once that first petition has been decided on the merits, a petitioner may not file a second or successive petition challenging the same state court decision or determination without first seeking permission to do so from the appropriate federal Court of Appeals–in this case, the Second Circuit.  28 U.S.C. § 2244(b).  Because of these restrictions, if petitioner chooses to voluntarily withdraw the second claim and move forward with his petition, he may forever lose the ability to bring his second claim in federal court.

In sum, there are deficiencies in the petition and it is unclear to the Court how petitioner would prefer to proceed.  Accordingly, petitioner shall have thirty (30) days to either (1) file with this court proof that he commenced a 440 motion in state court addressing his second, unexhausted claim, at which time this Court may properly determine whether a stay is appropriate, or (2) voluntarily withdraw the second claim and proceed with the remaining claim, with the understanding that he may forfeit his withdrawn claim.

**WHEREFORE**, it is

**ORDERED** that, within thirty (30) days of the filing date of this Decision and Order, petitioner must either (1) file proof in this court that he commenced a 440 action in New York State court regarding his second claim or (2) seek voluntary dismissal of the second claim; and it is

**ORDERED** that upon such filing, the Clerk is directed to return the file to the Court for further review; and it is

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the petitioner in accordance with the Local Rules.

Dated: April 6, 2021

_Miroslav Lovric_
Miroslav Lovric
U.S. Magistrate Judge