UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAVON BOYD,

Petitioner,

v.

9:21-CV-0174 (DNH/ML)

EARL BELL, Superintendent of Clinton Correctional Facility,

Respondent.

---

APPEARANCES: OF COUNSEL:

JAVON BOYD
13-B-1963
Petitioner, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

MIROSLAV LOVRIC
United States Magistrate Judge

**DECISION and ORDER**

## I. INTRODUCTION

Petitioner Javon Boyd seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Upon initial review, petitioner was granted thirty days leave to either (1) file proof of commencement of his collateral state court action or (2) voluntarily withdraw his plainly unexhausted claim. Dkt. No. 6, Decision and Order ("April Order").

On May 10, 2021, the Court received petitioner's motions requesting (1) a stay; (2) appointment of counsel; and (3) permission to file an amended petition. Dkt. No. 7. For the reasons which follow, petitioner's motion for a stay is granted; however, he must still file proof of commencement of his writ of error coram nobis within thirty days of this Order. Further,

petitioner's remaining motions are denied without prejudice.

## II. THE PETITION

Petitioner challenges a 2013 conviction from Oneida County, pursuant to a jury verdict, to three counts of criminal sexual act in the first degree, first degree rape, second degree strangulation, two counts of criminal obstruction of breathing, and third degree assault. Pet. at 1-2; *see also People v. Boyd*, 175 A.D.3d 1030, 1031 (4th Dep't 2019).[1] The New York State Supreme Court, Appellate Division, Fourth Department, modified petitioner's judgment in the interest of justice. *Boyd*, 175 A.D.3d at 1030. The Fourth Department affirmed the conviction, as modified, and, on November 13, 2019, the New York Court of Appeals denied petitioner's application for leave to appeal. *Boyd,* 175 A.D.3d at 1030, *lv. denied*, 34 N.Y.3d 1015 (2019); *accord* Pet. at 2. It does not appear that petitioner sought certiorari in the United States Supreme Court. Pet. at 2, 6.

Petitioner contends that he is entitled to habeas relief because (1) his conviction is supported by legally insufficient evidence as the testimonial evidence was inconsistent with the physical evidence, Pet. at 4-5, and (2) his counsel was constitutionally ineffective, *id.* at 5-6.

## III. DISCUSSION

### A. Motion to Stay

As the April Order indicated, petitioner plainly stated that his second claim was not exhausted. April Order at 4 (citing Pet. at 5-6). Petitioner has filed the present motion seeking a stay and indicating that he has filed a writ of error coram nobis in the Appellate

[1] Citations to the petition and exhibits refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Division. Dkt. No. 7 at 1, 11.[2]

In support of his motion, petitioner argues that good cause exists for any delay in filing his state court collateral proceedings due to the COVID-19 pandemic and the resulting executive order which suspended all state court filings. Dkt. No. 7 at 8; *accord* Dkt. No. 7 at 24-28, Duwe Affidavit ("Duwe Aff.), ¶ 6. Specifically, petitioner explains that "navigating the criminal justice system during an unprecedented pandemic presented additional challenges to those incarcerated and our pro se filings." Dkt. No. 7 at 17 (citing Duwe Aff. ¶ 11). Further exacerbating this issue was the fact that inmates had limited access to the law library and their assigned legal assistants due to pandemic protocols including social distancing and limited room capacities. Dkt. No. 7 at 8; *accord* Duwe Aff. ¶ 5. In sum, "[d]ue to executive order No. 202 and its extensions through January 2021," in combination with the difficulty attending the law library and meeting with one's assistant, "[petitioner] was unable to file the necessary [collateral challenge in state court] that [petitioner] intended to file in anticipation of his Federal Habeas Deadline[.]" Duwe Aff. ¶ 6. However, petitioner and his legal assistant both represent that they "have filed the appropriate motion for review in the intermediate appellate division." Duwe Aff. ¶ 13; *accord* Dkt. No. 7 at 10-11.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction

---

[2] The April Order indicated that petitioner needed to file a 440 motion to exhaust his state court remedies. April Order at 5-6. Petitioner's law library assistant indicated that it was "determined that the original 440 motion [they] had intended to file was not the procedural avenue to pursue as the issue . . . was preserved on the trial record and therefore the issue of ineffective assistance of counsel . . . raised in Ground 2 . . . could have been raised by appellate counsel on Direct Appeal." Duwe Aff. ¶ 9. Accordingly, the decision was made to "present the claim to the appellate division for review through a writ of error coram nobis to avoid a potential procedural bar since the evidence relied upon to make the claim is evident within the trial record and could have been raised on direct appeal." *Id.* ¶ 10.

over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 277. A stay may become "the only appropriate course [of action] in cases . . . where an outright dismissal could jeopardize the timeliness of collateral attack." *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001); *see also Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., with whom Souter, J. joins, concurring in part and in judgment) ("[T]here is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies [especially] . . . when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of the AEDPA's 1-year limitations period."); *Evans v. Senkowski,* 228 F. Supp. 2d 254, 261 (E.D.N.Y. 2002) ("In sum, [the Second Circuit] holds that a mixed petition, filed on the eve of the running of the AEDPA statute of limitations, should be stayed rather than dismissed.").

Under the circumstances presented in this case, the Court finds that, at this time, a stay is warranted. For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). In this case, petitioner's conviction became final on February 11, 2020, when his time to seek certiorari had expired. Therefore, petitioner had until February 10, 2021, to timely file a habeas petition. The petition was signed

February 9, 2021.[3] Therefore, the petition was timely filed with just one day left in the statute of limitations. However, dismissal of the petition without prejudice at this point would result in any future petition being subject to dismissal as time-barred. Accordingly, a stay, as opposed to dismissal, is warranted. *Zarvela,* 254 F.3d at 380; *Duncan,* 533 U.S. at 182-83; *Evans,* 228 F. Supp. 2d at 261.

Moreover, the Court cannot say, based on the current submissions, that petitioner's claims are plainly meritless or that he engaged in any dilatory tactics. *Rhines*, 544 U.S at 278.

Therefore, petitioner's motion to stay his petition is granted. However, federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *see also Rodriguez v. Griffin*, No. 9:16-CV-1037 (DNH), 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017) (same); *Zarvela*, 254 F.3d at 381 (addressing "the concern about excessive delays in seeking exhaustion and . . . returning to federal court . . . by allowing a habeas petitioner no more than reasonable intervals of time to present his claims to the state courts and to return to federal court after exhaustion.").

Mindful of the aforementioned concerns, the Court will grant petitioner a stay at this point. However, petitioner **must** file proof with this Court that he has commenced his collateral state court action, namely his writ of error coram nobis, within the **next thirty (30) days**.

Moreover, assuming that petitioner files proof of a writ of error coram nobis and the

---

[3] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Court continues the stay, petitioner must advise the Court in writing **every thirty (30) days** of the status of the pending state court proceeding, including the date upon which any decision is reached. **Within thirty (30) days** of the date upon which the final state court capable of reviewing petitioner's application has reached a decision, petitioner must notify the Court in writing of the decision. Petitioner is cautioned that if he fails to comply with the terms of this Decision and Order, the stay shall be immediately lifted and the file returned to the Court for further proceedings.

**B. Motion for Counsel**

Petitioner also seeks appointment of counsel for his habeas petition. Dkt. No. 7 at 1-2. Specifically, petitioner argues that "[s]ince it is difficult for a state inmate to prevail in a 2254 claim based upon his incarcerated status and lack of expansive knowledge of the law, the petitioner asks this [C]ourt to assign [him] counsel." *Id.* at 18. Further, petitioner clarifies that "although [he] . . . has been assigned a legal assistant through his correction facility law library, the combined legal knowledge and experience [of he and his assistant] are sub par . . . against the experience and knowledge of a seasoned attorney[.]" *Id.* at 20. Thus, "assignment of an attorney to handle [the present motions and any potential needed discovery in the future] . . . is integral to the petitioner's chances of success on this petition." *Id.*

There is no constitutional right to representation by counsel in habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). A court may, in its discretion, appoint counsel for "any financially eligible person" where "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). In determining whether to appoint counsel,

a habeas court

> should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986); *see also Soto v. Walker*, No. 9:00-CV-0197 (TJM/DEP), 2005 WL 2260340, at *4 (N.D.N.Y. Sept. 15, 2005) (outlining the factors to "consider[:] the petitioner's likelihood of success on the merits of his petition, the complexity of legal issues raised by such application and the petitioner's ability to investigate and present his case to the federal habeas court."). When a petitioner's claims may "'fairly be heard on written submissions,' a habeas petitioner's request for counsel should ordinarily be denied." *Reynolds v. Greene*, No. 9:05-CV-1539 (DNH), 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Brito v. Burge*, No. 1:04-CV-1815, 2005 WL 1837954, at *1 (S.D.N.Y. Aug. 3, 2005)). However, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases, counsel must be appointed if a hearing is required.

While the Court has not determined whether petitioner's claims are likely to be of substance, even assuming that to be true, it is clear that petitioner has not identified any "special reason" why appointing counsel to assist him is warranted. *Hodge*, 802 F.2d at 62. To the extent petitioner is under the impression that he is entitled to representation, he is not. *Pennsylvania*, 481 U.S. at 555. Therefore, the fact that he is indigent, incarcerated, or unable to independently retain counsel does not compel the Court to appoint him an attorney. *Id.* Furthermore, counsel is not required solely if petitioner thinks appointment of an attorney is

necessary because counsel would be more skilled in presenting petitioner's legal arguments. *See Voymas v. Unger*, No. 6:10-CV-0645, 2011 WL 2670023, at *12-13 (W.D.N.Y. July 7, 2011) (holding that despite petitioner's "layman" status, petitioner failed to demonstrate that (1) he was "unable to present the facts relevant to disposition of his habeas petition or to understand his legal position," (2) "the legal issues in his case are so complicated as to require the assistance of an attorney," or (3) "appointment of counsel would lead to a more just determination.").

Moreover, the proceedings thus far contradict the conclusion that "appointment of counsel would be more likely to lead to a just determination." *Brito*, 2005 WL 1837954 at *2 (citing *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). Petitioner has successfully moved to stay the present petition, as well as file a collateral motion attacking his criminal conviction in state court. Accordingly, at this juncture, there appears to be no special reason to appoint counsel. Further, there is certainly nothing mandating the Court to do so.

Additionally, petitioner's assumptions that discovery will be needed or evidentiary hearings will be held is, at best, premature. Therefore, counsel need not be appointed now for that potential future occurrence.

Thus, at least at this time, the Court finds appointment of counsel is not warranted. Accordingly, petitioner's motion is denied without prejudice.

**C. Motion to Amend**

Petitioner also requests permission to amend his petition to "reflect any and all new issues of law that may have been exhausted upon the litigation at the state court level[.]" Dkt. No. 7 at 1-2. Liberally construing petitioner's request, it appears that he seeks permission to

amend his petition to include any additional claims he is presently bringing in his writ of error coram nobis in state court; however, he did not specify what those additional claims may be.

Petitioner's request is denied for several reasons. First, petitioner failed to comply with the rules regarding formatting of the present motion. Local Rule 15.1 requires that a petitioner seeking to amend attach a complete proposed amended petition that raises both the claims now raised in his pending petition and the new claim(s) that petitioner wants to add. See N.D.N.Y. L.R. 15.1(a) ("A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 must attach an unsigned copy of the proposed amended pleading to its motion papers. Except if the Court otherwise orders, the proposed amended pleading must be a complete pleading, which will supercede the original pleading in all respects. A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference."). This is a sufficient reason to deny petitioner's motion to amend as it precludes the Court from "examin[ing] the exact amendment that it is being asked to permit[;] . . . ensur[ing] that all of the allegations asserted against the [respondents] are contained in a single document[;] . . . [and] eliminat[ing] the confusing nature of piecemeal amended pleadings." *See Cusamano v. Sobek*, 604 F.Supp.2d 416, 508 (N.D.N.Y. 2009) (holding that compliance with this Court's local rules is "not merely technical in nature.") (internal quotation marks and citations omitted).

Second, petitioner is attempting to add unidentified, new, unexhausted claims to his pending petition. Any proposed amended petition must fully satisfy Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides:

> (c) Form. The petition must:
>
> > (1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;
(3) state the relief requested;
(4) be printed, typewritten, or legibly handwritten, and
(5) signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts. Here, petitioner has failed to identify the claims he wishes to add and the facts supporting each ground. Therefore, any amendment would be futile because it fails to satisfy Rule 2. Furthermore, a motion to amend filed prior to the exhaustion of petitioner's state court remedies would also be denied as futile. *See Simpson v. Yelich*, No. 9:18-CV-0417 (GTS/TWD), 2018 WL 4153928, at *3 (N.D.N.Y. Aug. 30, 2018) (citations omitted) (denying motion to amend a petition to add an admittedly unexhausted claim as futile).

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED**, that petitioner's motions for appointment of counsel and permission to amend his petition, Dkt. No. 7, are **DENIED WITHOUT PREJUDICE**; and it is

**ORDERED**, that petitioner's motion to stay his petition, Dkt. No. 7, is **GRANTED**; and it is

**ORDERED**, that petitioner must advise the Court in writing and attach proof of the commencement of his writ of error coram nobis, asserting the second unexhausted claim from his petition, **within thirty (30) days of the date of this Decision and Order**; and it is further

**ORDERED**, that, from the date of petitioner's submission of proof of filing his writ of error coram nobis, petitioner must advise the Court, in writing, **every thirty (30) days** on the

status of the pending state court application, including the date upon which any decision is reached; and it is

**ORDERED**, that **within thirty (30) days** of the date upon which the final state court capable of reviewing petitioner's application reaches a decision, petitioner must notify the Court of that decision; and it is

**ORDERED**, that if petitioner fails to comply with the terms of this Decision and Order, the stay will be immediately lifted and the file returned to the Court for further proceedings; and it is

**ORDERED**, that no response to the petition will be required until petitioner completes exhaustion of his unexhausted claim and the stay is lifted, or until the stay is lifted pursuant to the preceding ordering paragraph; and it is

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Court's Local Rules of Practice.

Dated: May 13, 2021
Binghamton, NY

Miroslav Lovric
U.S. Magistrate Judge