**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAVON BOYD,

                        Petitioner,

    v.                                                   9:21-cv-00174 (AMN/ML)

EARL BELL, Superintendent of Clinton
Correctional Facility,

                        Respondent.

**APPEARANCES:**                                        **OF COUNSEL:**

**JAVON BOYD**
13-B-1963
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821
Petitioner, *pro se*

**HON. LETITIA JAMES**                            **JAMES F. GIBBONS, ESQ.**
New York State Attorney General              Assistant Attorney General
28 Liberty Street
New York, NY 10005
*Attorneys for Respondent*

**Hon. Anne M. Nardacci, United States District Judge:**

                                  **MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

       On February 16, 2021, Petitioner *pro se* Javon Boyd ("Petitioner"), filed a petition seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1 (the "Petition"). From May 13, 2021, to July 5, 2022, the Court (Lovric, M.J.) stayed the case to allow Petitioner to seek further state court review of his conviction. Dkt. Nos. 8, 14, 25. On May 15, 2023, after several extensions, Respondent submitted certain records and moved to dismiss the Petition as improper

and meritless.  Dkt. Nos. 39-40, 44 (the "Motion").  On May 23, 2023, United States Magistrate Judge Miroslav Lovric advised Petitioner that he was permitted, but not required, to file a reply in opposition to the Motion.  Dkt. No. 45.  Petitioner declined to file a reply.

The Motion was referred to Magistrate Judge Lovric, who, on January 23, 2024, issued a Report-Recommendation recommending that the Motion be granted, the Petition dismissed, and no certificate of appealability be issued.  Dkt. No. 47 at 26-27 (the "Report-Recommendation").[1]  Magistrate Judge Lovric advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days to file written objections and failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 27 & n.9.  On February 8, 2024, Petitioner filed Objections to the Report-Recommendation.  Dkt. No. 48.  Respondent did not submit a response to the Objections.

For the reasons set forth below, the Court[2] adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  28 U.S.C. § 636(b)(1)(C).  "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See id.* at 229 (citing Fed. R. Civ. P.

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[2] This case was reassigned to the undersigned on January 19, 2023.  Dkt. No. 33.

72(b), Advisory Committee Notes: 1983 Addition). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322 (TJM) (DRH), 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing [ ] a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB) (JCF), 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14,

2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Petitioner's Objections include four particular grounds and a catch-all objection. *See* Dkt. No. 48 at 2-4. As an initial matter, the Court adopts those portions of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the background and legal framework set forth in the Report-Recommendation. *See* Dkt. No. 47 at 1-17. Further, only Petitioner's first and third objections are specific objections, and the Court will conduct a *de novo* review with respect to those objections. Petitioner's second and fourth objections do not reasonably relate to the Petition and do not merit review.[3] *See Caldwell*, 2022 WL 16918287, at *1; *Machicote*, 2011 WL 3809920, at *2. Finally, Petitioner's catch-all objection, in which he "object[s] to all Recommendations of denial of and dismissing of the Petition," Dkt. No. 48 at 4, is a quintessential general objection subject to clear error review.

Petitioner's first and third objections concern his second ground for relief in the Petition, that the representation by a public defender in his criminal trial amounted to ineffective assistance of counsel.[4] His first objection is that the Report-Recommendation wrongly dismissed his

---

[3] Specifically, Petitioner's second objection concerns the fact that three of the counts for which he was found guilty "cannot survive the same elements test," Dkt. No. 48 at 3, which was not raised in the Petition or addressed in the Report-Recommendation. *See generally* Dkt. Nos. 1, 47. Second, Petitioner's fourth objection, that he has lost legal documents pertaining to this case as a result of his transfers between facilities, *see* Dkt. No. 48 at 4, is not presented in the Petition or addressed in the Report-Recommendation, and is not sufficient because Petitioner did not allege intentionality or note the nature or significance of the lost materials. *See, e.g.*, *Chapman v. Ricks*, No. 9:03-CV-0171 (LEK/GJD), 2008 WL 820189, at *8 (N.D.N.Y. Mar. 26, 2008) ("The negligent loss of legal papers . . . has been held insufficient to warrant equitable tolling.").

[4] Although Petitioner's arguments with respect to his ineffective assistance of counsel ground in the Petition are somewhat different than those raised here, *compare* Dkt. No. 1 at 5-7, *with* Dkt. No. 48 at 3, in deference to Petitioner's *pro se* status, the Court considers Petitioner's ineffective assistance of counsel arguments in their entirety herein.

4

ineffective assistance of counsel ground because at trial, his public defender "directed Petitioner not to testify on his own behalf," thereby denying the jury the benefit of the testimony Petitioner would have provided.  Dkt. No. 48 at 3.  Petitioner's third objection is that the Report-Recommendation was incorrect that his claim of ineffective assistance of counsel was not exhausted as of the March 27, 2023 Decision and Order by the New York State County Court for the County of Oneida, which denied Petitioner's motion to vacate his conviction based on ineffective assistance of counsel.  *See id.*; *see also id.* at 5-15.  These objections, taken together and considered pursuant to the lenient standard afforded to *pro se* litigants, do not provide sufficient grounds to grant the Petition.

Upon *de novo* review of the Petition and the parties' submissions, including records from the state court proceedings, Dkt. No. 44, the Court finds that Petitioner's ineffective assistance of counsel argument is without merit.  As Magistrate Judge Lovric and the state court record make clear, the trial judge explicitly offered Petitioner the opportunity to testify in his own defense, which Petitioner declined.  *See* Dkt. No. 47 at 6 (citing Dkt. No. 44-4 at 36).  Accordingly, Petitioner has not adequately alleged error, let alone made a "showing that [his] counsel's errors were so serious as to deprive [him] of a fair trial[.]"  *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *Murden v. Artuz*, 497 F.3d 178, 198 (2d Cir. 2007) (noting that "[u]nder *Strickland*, a defendant must show that . . . there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").  Because the Court finds that the ineffective assistance of counsel claim is without merit, the Court need not address whether such claim was properly exhausted.  *See Roache v. McCulloch*, No. 9:16-CV-1069-JKS, 2019 WL 4327271, at *4 (N.D.N.Y. Sept. 12, 2019) ("Despite [petitioner's] failure to exhaust a number of his claims, this Court nonetheless may deny those unexhausted claims on the merits and with

prejudice.") (citing 28 U.S.C. § 2254(b)(2)).

Additionally, although Petitioner raised a catch-all general objection, *see* Dkt. No. 48 at 4, he did not specifically object to Magistrate Judge Lovric's analysis concerning the two ineffective assistance of counsel grounds explicitly raised in the Petition—counsel's decisions not to seek dismissal based on an "unwillingness" element in the convicted offenses and not to seek dismissal of a possibly sleeping juror, *see* Dkt. No. 47 at 21-25.  Finding no clear error in that analysis, the Court adopts those portions of the Report-Recommendation as well.

Finally, the Court agrees with Magistrate Judge Lovric that a certificate of appealability is not appropriate in this case because Petitioner has not made "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 225w3(c)(2).  *See* Dkt. No. 47 at 26.

Accordingly, the Report-Recommendation is adopted in its entirety.

## IV.   CONCLUSION

For these reasons, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 47, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Petition for a writ of *habeas corpus*, Dkt. No. 1, is **DENIED and DISMISSED**; and the Court further

**ORDERS** that no certificate of appealability shall be issued with respect to any of Petitioner's claims;[5] and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor, serve a

---

[5] Any further request for a certificate of appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b).

copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules,[6] and close the case.

**IT IS SO ORDERED.**

Dated: May 21, 2024
       Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[6] Upon the Court's review of the New York State Department of Corrections and Community Supervision inmate locater, Petitioner has been moved to Attica Correctional Facility, Box 149, Attica, NY 14011. The Clerk is directed to serve a copy of this Memorandum-Decision and Order on Petitioner at his Great Meadow Correctional Facility and Attica Correctional Facility addresses.